**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

JASON TARVER                                                           PLAINTIFF
ADC # 133153

v.                                      4:23CV00618-BRW-JTK

DANNY CLARK, et al.                                                   DEFENDANTS

### ORDER

Jason Tarver ("Plaintiff") is in custody at the Randall Williams Unit of the Arkansas Division of Correction ("ADC"). He filed a pro se complaint pursuant to 42 U.S.C. § 1983 against multiple officials of the Sheridan, Arkansas, Detention Center ("Detention Center"). (Doc. No. 2). The Court now must screen Plaintiff's claims pursuant to the Prison Litigation Reform Act ("PLRA").

**I.      Screening**

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). See also 28 U.S.C. § 1915(e) (screening requirements).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."   Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.   Haines v. Kerner, 404 U.S. 519, 520 (1972).   The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.   Denton v. Hernandez, 504 U.S. 25, 32 (1992).

## II.    Discussion

### A.    Plaintiff Complaint

Plaintiff sued Retired Detention Center Administrator Danny Clark and Detention Center Staff Members Linda Henderson, Melanie Williams, Kimberly McMeil, Will Donham, Stephen Dejarnette, Bridgett Sullivan, Jason Teague, Holly Sheffield, and Robert Williamson in their personal and official capacities.   (Doc. No. 2 at 1-3).   Plaintiff also sued Grant County, Arkansas, Sheriff's Department Officer Willie Mann in his personal and official capacities.   (Id. at 2-3).   Plaintiff alleges he received inadequate medical care while he was at the Detention Center.   (Id. at 4).

Plaintiff had a major invasive surgery on June 26, 2022.   (Id. at 4, 5).   A Dr. Bozeman gave Plaintiff instructions for caring for his wound, as well as a prescription for an antibiotic and pain reliever.   (Id.).   Defendant Henderson denied Plaintiff his prescribed medication because the medication contained a narcotic.   (Id.).   According to Plaintiff, "all medical treatment provided in [the Detention Center] must first be approved by the arresting agency of each particular inmate." (Doc. No. 2 at 4).   Plaintiff claims that this policy or practice resulted in infection and pain and

2

suffering.   (Id. at 4).   Plaintiff's claims against all Defendants except Defendant Mann appear to be based on staff following this policy or practice.   (Id.).

Plaintiff developed a severe infection at the site of his surgery because he was denied antibiotics and clean bandages.     (Id. at 5).   As a result, on June 30, 2022, paramedics were called to the Detention Center, examined Plaintiff, and recommended Plaintiff be taken to the emergency room.   (Id. at 5-6).   Detention Center staff apparently advised Defendant Mann, an Officer with the Grant County Sheriff's Department, of the paramedics' recommendation, but Defendant Mann instructed Detention Center staff not to transport Plaintiff to the hospital.   (Id. at 5).   Plaintiff alleges that but-for Defendant Mann's instruction to Detention Center staff, Plaintiff would have received treatment on June 30, 2022.   (Doc. No. 2 at 5).   Instead, Plaintiff began receiving an antibiotic only on July 18, 2022, and continued receiving the medication until his transfer to the Ouachita County Detention Center on August 5, 2022.   (Id. at 6).

Plaintiff alleges that Defendant Clark "consistently attempted to impede [Plaintiff] from exhausting [the Detention Center] grievance procedure . . . ."   (Id. at 6).   Additionally, Plaintiff alleges that a Detention Center employee falsified documents that reflect when Plaintiff received his medication.   (Id. at 7). Detention Center records show that Plaintiff was transferred to the Ouachita County Jail on August 5, 2022, but jail logs show Detention Center staff administered medication to Plaintiff through August 28, 2022.   (Id. at 7).   Plaintiff asserts the records were falsified "in an attempt to cover up their gross negligence."   (Id. at 7).

Plaintiff notes that he brought claims related to his medical treatment at the Detention Center in an earlier case, but the case was dismissed without prejudice for failure to exhaust administrative remedies.   (Doc. No. 2 at 3).

Plaintiff seeks damages, among other relief.   (Id. at 8).

###### B.       Personal Capacity Claims Under 42 U.S.C. § 1983

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights."  Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Parrish v. Ball, 594 F.3d 993, 1001 (8th Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009)).   Bare allegations void of factual enhancement are insufficient to state a claim for relief under § 1983.   See Iqbal, 556 U.S. at 678.

###### 1.       Deliberate Indifference to Serious Medical Needs

Plaintiff indicated that at the time of the events giving rise to this lawsuit, he was in jail and still awaiting trial on pending criminal charges.  (Doc. No. 2 at 3).   In other words, Plaintiff was a pretrial detainee.   Prison officials violate a pretrial detainee's rights under the Due Process Clause of the Fourteenth Amendment when they show deliberate indifference to his serious medical needs.  Ivey v. Audrain County, Missouri, 968 F.3d 845, 848 (8th Cir. 2020).   To succeed on a claim of deliberate indifference to a medical need, a plaintiff must show that he had an objectively serious medical need and that prison officials had actual knowledge of, but deliberately disregarded, that need.   East v. Minnehaha Cnty., 986 F.3d 816, 820 (8th Cir. 2021). Merely stating that a Defendant had "actual knowledge" of a serious medical need, without pleading additional facts to support the conclusory statement, is insufficient to state a deliberate indifference to serious medical needs claim.   Id.   "Deliberate indifference may be demonstrated by prison guards who intentionally deny or delay access to medical care or intentionally interfere with prescribed treatment, or by prison doctors who fail to respond to [a] prisoner's serious medical needs."   Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997).   But "[m]ere negligence is

4

not sufficient to support a cause of action under § 1983."   Davis v. Hall, 992 F.2d 151, 153 (8th Cir. 1993).

### 2.    Defendants Williams, McMeil, Donham, Dejarnette, Sullivan, Teague, Sheffield, Williamson, and Clark

Plaintiff sued Melanie Williams, Kimberly McMeil, Will Donham, Stephen Dejarnette, Bridgett Sullivan, Jason Teague, Holly Sheffield, and Robert Williamson, but made no specific allegations of fact against any of them.   Again, liability under § 1983 is based on each individual's own actions.   The Court needs to know how each of these Defendants was aware of Plaintiff's serious medical needs and how each of these Defendants was deliberately indifferent to those needs.   Without that detail, Plaintiff's claims against Defendants Williams, McMeil, Donham, Dejarnette, Sullivan, Teague, Sheffield, and Williamson fail.

Plaintiff's deliberate indifference to serious medical needs claim against Defendant Clark fails for the same reasons set out above.   Plaintiff additionally alleges Defendant Clark attempted to impede Plaintiff from exhausting his administrative remedies.   To the extent Plaintiff claims a violation of his due process rights, a "[prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates . . . it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993).   To the extent Plaintiff claims that Defendant Clark violated Plaintiff's right of access to the courts, "'to assert a successful claim for denial of meaningful access to the courts . . . an inmate must demonstrate that he suffered prejudice.'" Beaulieu v. Ludeman, 690 F.3d 1017, 1037 (8th Cir. 2012) (internal citation omitted).   Because Plaintiff has not alleged prejudice, any access to the courts claim against Defendant Clark fails.

### 3.       Defendants Henderson and Mann

Plaintiff provided sufficient factual details for his deliberate indifference to serious medical needs claims against Defendants Henderson and Mann to survive screening.   Those claims will be served.

### D.       Supplement to Complaint

Plaintiff may supplement his Complaint to cure the defects explained above.   If Plaintiff decides to supplement his Complaint, Plaintiff should submit to the Court, within thirty (30) days of the entry date of this Order, a supplement that provides further specific factual allegations against Defendants Williams, McMeil, Donham, Dejarnette, Sullivan, Teague, Sheffield, Williamson, and Clark.   In the Supplement, Plaintiff should: **1) provide specific facts against these Defendants in a simple, concise, and direct manner, including dates, times, and places if possible; 2) explain how each defendant's actions harmed him personally; and 3) otherwise cure the defects explained above and set out viable claims.**

If Plaintiff does not supplement his Complaint as to Defendants Williams, McMeil, Donham, Dejarnette, Sullivan, Teague, Sheffield, Williamson, and Clark, I will recommend that his claims against these Defendants be dismissed.   See 28 U.S.C. § 1915A(a); Loc. R. 5.5(c)(2).

## III.   Conclusion

IT IS, THEREFORE, ORDERED that:

1.       If Plaintiff wishes to supplement his Complaint for the Court's review, he must file the supplement consistent with the above instructions within thirty (30) days from the date of this Order.   If Plaintiff does not do so, I will recommend that his claims against Defendants Williams, McMeil, Donham, Dejarnette, Sullivan, Teague, Sheffield, Williamson, and Clark be dismissed

without prejudice for failure to state a claim on which relief may be granted.  <u>See</u> 28 U.S.C. §

1915A(a); Loc. R. 5.5(c)(2).

2.      The Clerk of the Court is directed to mail Plaintiff a blank 42 U.S.C. § 1983

Complaint form.

Dated this 6th day of July, 2023.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE